**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4628**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHRISTOPHER HASAN GAY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:09-cr-00277-BO-1)

Submitted:  February 8, 2012       Decided:  February 17, 2012

Before KING, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Hasan Gay appeals the 120-month sentence imposed following his guilty plea to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Gay argues that the district court imposed an unreasonable sentence, erring in applying three Guidelines enhancements and in failing to explain its chosen sentence. We vacate Gay's sentence and remand for resentencing.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We must first review the sentence for significant procedural error, including such errors as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51.

In reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d

2

330, 334 (4th Cir. 2009).  In applying a sentencing enhancement, the district court must find by a preponderance of the evidence that the conduct underlying the enhancement occurred.  See United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009).

Gay contends that the district court erred in applying enhancements pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(6), 3A1.2(c)(1), and 3C1.2 (2010), because the court adopted the presentence report's ("PSR") calculations without requiring the Government to present additional evidence at sentencing to support the PSR's factual findings.  When a defendant disputes information contained in a PSR, he has "an affirmative duty to make a showing that the information . . . is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."  United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).  Without such an affirmative showing, a district court is free to adopt the PSR's factual findings.  Id.  Because Gay did not present any evidence other than his own conclusory allegations to contradict the reports on which the PSR's findings were based, we conclude that he failed to make an affirmative showing that the PSR's findings were untrue or inaccurate, and the district court did not err in adopting those findings.

Because Gay preserved his challenge to the district court's explanation of his sentence by requesting a sentence

3

different than the 120-month sentence he received, we review the explanation for abuse of discretion. See Lynn, 592 F.3d at 578. "When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. (internal quotation marks omitted). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in Boulware). Moreover, the explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

Here, in announcing the judgment, the district court did not state any reasons to support its chosen sentence or make any reference to the Guidelines, the § 3553(a) factors, or the arguments of the parties. The court did not otherwise indicate

4

that it had made an individualized assessment; for example, the court did not address defense counsel's argument that, at the time of the offense, Gay had suffered from a mental infirmity rendering him less culpable for his conduct.  Contrary to the Government's argument, the error was not harmless, as we cannot conclude from the record before us that the district court's consideration of Gay's arguments would not have affected the sentence imposed.  See Boulware, 604 F.3d at 838.  Given the lack of explanation for the 120-month sentence, we conclude that the district court erred in imposing a procedurally unreasonable sentence.

We therefore vacate Gay's sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED